UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER BROWN,

       Plaintiff,                          **DECISION AND ORDER**

      v.                                           6:23-CV-06673 EAW

JEREMIAH'S COMPUTER STORE,

       Defendant.
_____

    *Pro se* plaintiff Christopher Brown ("Plaintiff") commenced the instant action on November 29, 2023, alleging that he was discriminated against in the course of his employment with defendant Jeremiah's Computer Store ("Defendant"). (Dkt. 1). On April 29, 2024, the Court granted Plaintiff's motion for *in forma pauperis* status and screened the complaint as required by 28 U.S.C. § 1915(e)(2), allowing the FLSA claim to proceed to service. (Dkt. 4). Although Plaintiff obtained a clerk's entry of default on May 15, 2025 (Dkt. 11), he failed to file a motion for default judgment in accordance with the August 1, 2025, deadline set by the Court (Dkt. 15). Instead, on July 2, 2025, Plaintiff filed a motion seeking to change the name of the defendant from Jeremiah's Computer Store to Jeremiah's Computer Store and Repair's LLC. (Dkt. 16). In that same motion, Plaintiff sought the issuance of various subpoenas. (*Id*. at 2). Attached to Plaintiff's motion are numerous documents (almost 200 pages) which appear to suggest that the name Plaintiff now seeks to utilize was known to him prior to commencement of this lawsuit. (*See id*. at 11). Confusingly, also attached to the motion is a letter purportedly sent by Defendant to

Plaintiff dated January 10, 2025, indicating among other things that it will not waive service of the summons (*id*. at 8), even though the acknowledgement of receipt of the summons and complaint by mail was purportedly signed on July 9, 2024 (Dkt. 6).

The Court needs further explanation from Plaintiff as to why he named the incorrect defendant back in November 2023, even though he was purportedly aware of the correct name of the defendant at the time he commenced the lawsuit, and whether he is now seeking to vacate the Clerk's entry of default which was apparently entered against an incorrect defendant. Accordingly, the Court hereby denies the pending motion to change the defendant's name without prejudice. In addition, the Court denies the requests for subpoenas at this stage of the case, for the same reasons articulated in its Text Order entered on June 27, 2025.

Plaintiff must provide the additional information requested above within thirty (30) days of the date of this Decision and Order.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      March 2, 2026
            Rochester, New York